# MEYERS LUMBER COMPANY, a Corporation, v. JARVIS H. TOMPKINS.

(149 N. W. 955.)

Two adjoining lot owners made separate contracts for the erection of buildings upon their adjoining lots. When erected, the two buildings were so connected as to appear as one. The defendant was the owner of the smaller building, which comprised one third of the entire structure. The contractor failed to pay for the material bought by him of the plaintiff, who filed one lien against both lots and the buildings thereon. This court in the case of Meyer Lumber Co. v. Trygstad, 22 N. D. 558, 134 N. W. 714, held such lien void. Plaintiff thereafter filed separate liens against the buildings. *Held:*—

**Filing of void lien — not such election of remedies as to preclude filing proper lien.**

1. That the filing of the void lien was not such an election of remedies as precludes the filing of the proper liens thereafter.

**Notices to landowner — sufficiency of.**

    2. That the notices to the landowners set forth in the opinion are sufficient as between the parties to this action.

**Materials furnished — pleading — allegations — sufficiency.**

    3. The allegation that one third of the material was furnished for the defendant's building, coupled with an itemized statement of the material furnished for both buildings, is sufficient to support the lien.

    4. Point four is covered by the third paragraph of the opinion.

Opinion filed November 28, 1914.

Appeal from the District Court of Ward County, *K. E. Leighton,* J. Reversed.

*Thompson & Wooledge, Engerud, Holt, & Frame,* for appellant.

In some states there is a distinction between the terms "subcontractor" and "materialman." This is not true in this state. Rev. Codes 1905, § 6250.

A direct lien is given to the subcontractor. Robertson Lumber Co. v. State Bank, 14 N. D. 515, 105 N. W. 719; Langworthy Lumber Co. v. Hunt, 19 N. D. 436, 122. N. W. 865.

It is the furnishing of the materials for the purpose of the construction, and the good faith delivery that controls and gives the lien right. Schlosser v. Moores, 16 N. D. 185, 112 N. W. 79; Central Lumber Co. v. Braddock Land & Granite Co. 84 Ark. 560, 105 S. W. 583, 13 Ann. Cas. 11; 27 Cyc. 47, note 67, and note p. 758; Pittsburg Plate Glass Co. v. Leary, 25 S. D. 256, 31 L.R.A.(N.S.) 746, 126 N. W. 271, Ann. Cas. 1912B, 928.

One who furnishes materials to a contractor who has separate contracts with the different owners has no right to a joint lien against all the property of the different owners into whose building his material went, but must claim and file a separate lien against the property of each of such owners. Meyer Lumber Co. v. Trygstad, 22 N. D. 558, 134 N. W. 714.

In such cases an apportionment may be made. Kinney v. Mathias, 81 Minn. 64, 83 N. W. 497; Davis v. Farr, 13 Pa. 167; Harper v. Keely, 17 Pa. 234; Gordon v. Norton, 186 Pa. 168, 40 Atl. 312; Edwards v. Edwards, 24 Ohio St. 403; Sexton v. Weaver, 141 Mass. 273, 6 N. E. 367; Halsted & H. Co. v. Arick, 76 Conn. 382, 56 Atl.

628; Ballou v. Black, 17 Neb. 389, 23 N. W. 3, 21 Neb. 131, 31 N. W. 673; Shaw v. Thompson, 105 Mass. 345; Hannon v. Logan, 14 Mo. App. 33; Byrd v. Cochran, 39 Neb. 109, 58 N. W. 127; Hines v. Cockran, 44 Neb. 12, 62 N. W. 299; Garner v. Van Patten, 20 Utah, 342, 58 Pac. 684; Hayden v. Logan, 9 Mo. App. 492; Springer Land Asso. v. Ford, 168 U. S. 513, 42 L. ed. 562, 18 Sup. Ct. Rep. 170; Lehmer v. Horton, 67 Neb. 574, 93 N. W. 964, 2 Ann. Cas. 685; Bowman Lumber Co. v. Newton, 72 Iowa, 90, 33 N. W. 377; Stoltze v. Hurd, 20 N. D. 412, 30 L.R.A.(N.S.) 1219, 128 N. W. 115, Ann. Cas. 1912C, 871; 34 Century Dig. Mechanics' Liens, 178–182, 259, 315, 320, 322; 13 Decen. Dig. Mechanics' Liens, 130, 149, 183 and corresponding sections in Am. Dig. Key number series. 27 Cyc. 131, 224, 226.

The notices served were amply sufficient to satisfy the law. Rev. Codes 1905, § 6237.

The purpose of the notice required is to enable the owner to take all necessary steps for his own protection against the possibility of having to pay twice for the same improvement. Gilman v. Gard, 29 Ind. 291; Henry v. Plitt, 84 Mo. 237; Bambrick v. King, 59 Mo. App. 284; 27 Cyc. 110, 118; Fidelity Storage Corp. v. Trussed Concrete Steel Co. 35 App. D. C. 1, 20 Ann. Cas. 1157; Faulkner v. Bridget, 110 Mo. App. 377, 86 S. W. 483.

*E. R. Sinkler,* for respondent.

The plaintiff once elected as to its remedy; it had knowledge of the facts as to coexistent remedial rights, inconsistent and irrevocable; and such election is a bar to any action based upon a remedial right inconsistent with that asserted by such election. 15 Cyc. 262.

The Pennsylvania rule, which gives a direct lien to the subcontractor, does not obtain in this state. It is not the contract between the material-man and the contractor, but the contract between the owner of the property and the contractor, that controls. Meyer Lumber Co. v. Trygstad, 22 N. D. 558, 134 N. W. 714; Beach v. Stamper, 44 Or. 4, 102 Am. St. Rep. 597, 74 Pac. 209; Larkins v. Blakeman, 42 Conn. 292.

The right to a mechanics' lien exists by virtue of the statute; and to successfully claim and maintain such right, substantial compliance at every step, with the statute, must be shown. Stoltz v. Hurd, 20

N. D. 412, 30 L.R.A.(N.S.) 1219, 128 N. W. 115, Ann. Cas. 1912C, 871.

Where lienable and nonlienable articles are indiscriminately intermingled in one lien claim, the lien cannot stand. McClain v. Hutton Continental Bldg. & Loan Asso. 131 Cal. 140, 61 Pac. 274, 63 Pac. 182, 622; J. E. Greilick Co. v. Taylor, 143 Mich. 704, 107 N. W. 712; Bradely v. Gaghan, 208 Pa. 511, 57 Atl. 985; Harrisburg Lumber Co. v. Washburn, 29 Or. 150, 44 Pac. 393; Dalles Lumber & Mfg. Co. v. Wasco Woolen Mfg. Co. 3 Or. 527; Kezartee v. Marks, 15 Or. 529, 16 Pac. 407; Williams v. Toledo Coal Co. 25 Or. 426, 42 Am. St. Rep. 799, 36 Pac. 159; 2 Jones, Liens, 1409, 1419.

It is the duty of materialmen dealing with contractors and furnishing them with materials, to ascertain and know the nature of the contract between the property owner and the contractor, and to take notice of the authority of, and the limitations placed upon, such contractor. Andrews v. Kneeland, 6 Cow. 354; Hill v. Bowers, 45 Kan. 592, 26 Pac. 13; Kneeland, Mechanics' Liens, 87; Bottomly v. Grace Church, 2 Cal. 90; Houghton v. Blake, 5 Cal. 240; Rogers v. Currier, 13 Gray, 129; Chapin v. Persse & B. Paper Works, 30 Conn. 461, 79 Am. Dec. 263.

In such cases as this one, no apportionment can possibly be made. No lien can attach unless the articles are lienable, can be identified, and actually went into the improvement. Stimson Mill Co. v. Los Angeles Traction Co. 141 Cal. 30, 74 Pac. 357; Houghton v. Blake, 5 Cal. 240; Patent Brick Co. v. Moore, 75 Cal. 211, 16 Pac. 890; Silvester v. Coe, Quartz Mine Co. 80 Cal. 513, 22 Pac. 217; Bewick v. Muir, 83 Cal. 373, 23 Pac. 390; John A. Roebling Sons Co. v. Bear Valley Irrig. Co. 99 Cal. 490, 34 Pac. 80; Hamilton v. Delhi Min. Co. 118 Cal. 153, 50 Pac. 378; Gordon Hardware Co. v. San Francisco & S. R. Co. 3 Cal. Unrep. 140, 22 Pac. 406, 86 Cal. 620, 25 Pac. 125; Allen v. Elwert, 29 Or. 428, 44 Pac. 823, 48 Pac. 54; Edgar v. Salisbury, 17 Mo. 271.

Burke, J. This is a continuation of the controversy treated in Meyer Lumber Co. v. Trygstad, 22 N. D. 558, 134 N. W. 714, where a statement of the facts may be found. After the said decision, holding void the lien filed against both lots and buildings thereon, the

lumber company, on the 4th day of April, 1912, filed separate liens upon each lot and building, and later brought action to enforce the lien against Tompkins, in the district court of Ward county, North Dakota. The complaint is in the ordinary form, and alleges that, at the request of the contractor, they furnished for both buildings, material of the value of $7,118.75, according to a schedule thereto attached, giving itemized statement of such material; that the contractor agreed to pay therefor, but that no part of the same had been paid except the sum of $391.40, leaving a balance due and unpaid of $6,727.35. That said materials were purchased by the said contractor and were furnished by the plaintiff to be used, and were in fact used, in and about the construction of two certain store and office buildings, one building owned by defendant Tompkins and the other by one Frank, situated upon adjoining lots. That the contracts between the owners of the buildings and the contractor were separate and distinct, and the buildings were constructed at about the same time by the said contractor, and the materials entering into the construction of said buildings were used indiscriminately in each of said buildings; and it is now and has been at all times impossible for this plaintiff to designate the particular items of said materials entering into the construction of each of the said buildings, respectively. That one third of said materials were used in and about the construction of said building owned by said defendant (Tompkins), and situated upon the aforesaid lot 15; and two thirds of said materials were used in and about the construction of said building owned by one Guy O. Frank, situated upon lots 13 and 14, aforesaid. That pursuant to said contracts the buildings were erected upon the respective premises; that on the 16th day of March, 1908, the plaintiff served upon the said defendants and each of them, by registered mail, certain notices whereby it notified the said defendants and each of them that it had furnished the material mentioned, and that it would claim a lien upon the respective premises above described, which said notices were marked exhibits B and C and made a part of the complaint. That the said Tompkins is the owner of the buildings erected by him, and that on the 4th day of April, 1912, the plaintiff had filed in the offices of the clerk of the district court within and for Ward county its duly verified claim, con-

taining a just and true account of the demand due it after allowing all credits, and a correct description of the property owned by the said defendant Tompkins to be charged with said lien; which claim was duly filed and docketed with said clerk, and is now, and ever since has been, unsatisfied of record. This was followed by a demand for judgment of foreclosure. To this a demurrer was interposed, which, after argument, was sustained by the trial court. This appeal is from the resulting judgment.

The defendant and respondent in his brief states that there are four propositions raised by the demurrer and the complaint: first, that the plaintiff has by a former action elected its remedy, and is barred from maintaining this action; second, that the notice of lien is not sufficient; and, third, where building materials entering into the construction of two buildings owned by different parties are used indiscriminately in each of said buildings by a subcontractor under separate contracts with the owners, and it is impossible for the materialman to designate the particular items entering into the construction of the said buildings, and the materialman furnishes such material under a general contract with the subcontractor, no lien can be had, and an apportionment cannot be had so as to give the materialman a lien on one building for an appropriate share of the materials going into both buildings; and, fourth, where lienable and unlienable articles are indiscriminately intermingled in lien account, and the lienable items cannot be segregated, no lien can be had.

(1) We do not believe the filing of a void lien amounts to such an election of remedies as precludes the filing of a valid lien thereafter. At 15 Cyc. 262, it is said: "A person who prosecutes an action or suit based upon a remedial right which he erroneously supposes he has, and is defeated because of the error, has not made a conclusive election, and is not precluded from prosecuting an action or suit based upon an inconsistent remedial right." Many cases are cited in support of the text, both in the original Cyc. and in the annotations. A case particularly in point is Sullivan v. Ross, 113 Mich. 311, 71 N. W. 634, 76 N. W. 309, Judge Moore giving a very lucid exposition of the equities involved.

(2) Taking up the second point raised by the demurrer, we believe

29 N. D.—6.

render it harder for the materialman to perfect his separate liens. The distinction between the two cases is obvious.

The complaint therefore stated a cause of action, and the demurrer was improperly sustained. Judgment reversed.

Goss, J., disqualified